# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Maryland

| | |
|---|---|
| Vincent P. Mona | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  8:21-cv-01017-PJM |
| David F. McKay | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Mona Electric Group, Inc.
c/o CSC - Lawyers Incorporating Service Company, Res. Agt., 7 St. Paul St.,Suite 820, Baltimore, MD  21202

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| Place: SHIPLEY & HORNE, P.A., 1101 Mercantile Lane, Ste 240 Largo, MD  20774 | Date and Time: 11/30/2021 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/27/2021

_CLERK OF COURT_

                                                                        OR

_____                    _____
_Signature of Clerk or Deputy Clerk_                              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Vincent P. Mona
_____ , who issues or requests this subpoena, are:

Dennis Whitley, III, Esq., SHIPLEY & HORNE, P.A., 1101 Mercantile Lane, Ste 240, Largo, MD  20774, 301-925-1800

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   8:21-cv-01017-PJM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

Mona Electric Group, Inc.

## Definitions

Pursuant to the foregoing Subpoena, please produce the following documents for review and inspection to counsel for Plaintiff in the above-captioned action:

**Shipley & Horne, P.A.**
**Attn: Dennis Whitley III, Esq.**
**1101 Mercantile Lane, Suite 240**
**Largo, MD 20774**

This subpoena relates to an action pending in Maryland and pertains to David F. McKay and his conduct while affiliated with Mona Electric Group, Inc. and working with Vincent P. Mona.  The relevant time period pertaining to the requests contained herein spans from January 1, 2017 to the present.

## DEFINITIONS

A.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term under the Federal Rules of Civil Procedure and means the complete original, a complete copy of the original, and each non-identical copy (whether different from the original because of notes made on the copy or otherwise) of any written, printed, typed, filmed, taped, photocopied, photographic or graphic materials of any kind or character, and any recorded material, however produced or reproduced, in your possession or control or known by you to exist.  It includes, without limiting the generality of the foregoing, all writings, drawings, drafts, contracts, letters, articles, agreements, papers, books, applications, transcripts, agenda, regulations, instructions, directives, bulletins, newsletters, notices, manuals, diaries, journals, calendars, appointment books, desk pads, correspondence, communications, telegrams, teletypes, telex messages, microfilm or microfiche, and other data compilations from which information can be obtained and translated, memoranda, typed or handwritten notes, notations, work papers, studies, reports, analyses, evaluations, lists, minutes,

logs, graphs, ledgers, financial records or statements, tax returns, pay stubs, notices, summaries, receipts, logs, invoices, W-2 forms, maps, charts, plans, specifications, diagrams, photographs, statements, opinions, reports and recordings of telephone or other conversations, or of interviews or conferences or other meetings, sound recordings, computer printouts, data processing input and output, E-mail, transcripts, affidavits, bills, audits, cables, statistical records, tabulations, entries in books of account relating in any way to the subject matter of these requests, and all other records kept by electronic, photographic or mechanical means.

B.      The term "person" means any individual, partnership, firm, corporation, association, proprietorship, business association, joint venture, government, natural person, or any other business, legal or social entity. It also means the plural as well as the singular.

C.      The term "relating to" means concerning, constituting, defining, containing, reflecting, pertaining to, comprising, embodying, stating, regarding, dealing with, mentioning, explaining, describing, listing, providing any information on, detailing, discussing or in any way dealing with, in whole or in part.

D.      The term "communication" means any exchange, transmission or transfer of information, or the failure or refusal to exchange, transmit or transfer information, whether occurring in person or otherwise, and whether in oral, document, or other form (including electronic data). This term is intended to cover, without limitation, any contact, conversation, conference, meeting or negotiation.

E.      The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

F.      To ensure clarity, the specific terms identified below have the noted meaning ascribed to them:

1. The term "Cap Mona" as used herein refers to Vincent P. Mona.

2. The term "D. McKay" as used herein refers to David F. McKay.

3. The term "P. Kriegshauser" as used herein refers to Patrick Kriegshauser.

4. The term "ArchKey" as used herein refers to ArchKey Intermediate Holdings, Inc.

5. The terms "MEG," "you," and "your" as used herein refers to Mona Electric Group, Inc. and any of its employees, agents, representative, attorneys, assigns, contractors and every other person who, because acting as your representative, can be required by you to furnish information, including any person acting on your behalf in this case.

6. The term "Hospital Project" refers to the construction project involving the creation of the University of Maryland Capital Region Medical Center, on which MEG has served as a subcontractor. For avoidance of doubt, the Hospital Project sought to replace the 75-year-old Prince George's Hospital Center and resulted in the construction of a 620,000-square-foot hospital to provide healthcare for residents of Prince George's County and the surrounding communities.

7. The term "DHG" as used herein refers to Dixon Hughes Goodman LLP.

8. The term "C. Vuljanic" as used herein refers to Caleb Vuljanic, affiliated with DHG.

9. The term "OTC" as used herein refers to Oak Tree Capital.

10. The term "Clark Construction" as used herein refers to Clark Construction Group, the general contractor for the Hospital Project.

11. The term "MEG Contract" as used herein refers to the construction contract and all ancillary contract documents governing or pertaining to MEG's performance and compensation as a subcontractor on the Hospital Project.

12.     The term "Transaction" as used herein refers to the acquisition of MEG stock from Cap Mona by ArchKey on or about February 1, 2020.

**All other terms and definitions are to be interpreted in their common, ordinary sense.**

## INSTRUCTIONS

1.      You are requested to produce the originals or legible photostatic copies of all documents described in these requests that are now in your actual or constructive possession, custody or control.

2.      You are requested to group the submitted documents in numbered paragraphs which correspond to the numbered paragraphs and subparagraphs below, under the heading "Documents Requested." Within each group, arrange the documents, to the extent possible, in chronological order. Where any document is produced in response to more than one (1) of the numbered requests, please identify each and every numbered request which that document is produced in response to.

3.      In answering these requests, you are required to produce all documents that are in the possession of your attorneys and/or anyone else acting on your behalf or otherwise subject to your direct or indirect control.

4.      With respect to each document request to which a claim of privilege or work product is asserted, separately state the following:

    a.      The type of communication, information or document to which a claim of privilege is being asserted;

    b.      The basis of any claim of privilege;

    c.      If work-product immunity is being asserted, identify the proceeding for which the document was prepared; and

    d.      With respect to each document or communication to which a claim of privilege is being asserted, state:

        i.      Its date;

        ii.     The name, business address and present position of its originator(s) or author(s);

        iii.    The position of its originator(s) or author(s) at the time the communication was made, or the document was prepared; and

      iv.    The name(s) and affiliation(s) of the carbon copy and/or blind carbon copy recipient(s) of the document or communication.

## DOCUMENTS REQUESTED

1. Any and all documents or communications relating to MEG's estimated closing balance sheet and/or estimated closing work-in-process schedule in connection with the Transaction, including without limitation the preparation of MEG's estimated closing balance sheet and/or estimated closing work-in-process schedule.

2. Any and all documents or communications relating to ArchKey's due diligence of MEG in connection with the Transaction.

3. Any and all documents or communications relating to the suspension, resumption, conduct, and/or completion of DHG's audit of MEG in or around February through May 2020.

4. Any and all documents or communications relating to any write-downs of MEG contract values, any changes to MEG's estimated closing balance sheet and/or estimated closing work-in-process schedule, and/or any changes to MEG's past practices or financial or accounting controls or procedures, after the closing of the Transaction.

5. Any and all documents or communications relating to any post-Transaction audit requests and/or balance sheet adjustments involving MEG, including without limitation from or by ArchKey.

6. Any and all documents or communications relating to the adjusted closing balance sheet and/or adjusted closing work-in-process schedule sent by ArchKey to Cap on December 9, 2020, including without limitation any and all documents and communications relating to the preparation of the adjusted closing balance sheet and/or adjusted closing work-in-process schedule.

7. Any and all documents or communications relating to MEG's performance, compensation, status, financial position, progress, claims, change orders, disputes, estimates, settlement of claims on, and/or the closing out of the Hospital Project and/or MEG Contract.

8. Any and all documents or communications relating to the notice of representations and warranties insurance claim filed by ArchKey on March 12, 2020 in the amount of approximately $5.7 million for the purported loss under the Hospital Project and/or MEG Contract.

9. Any and all documents or communications relating to the terminations of Brian Moorefield's and/or Alan Freund's employment with MEG.

10. Any and all documents or communications relating to the terms or negotiation of the MEG Contract.

11. Any and all documents or communications relating to any benefits, compensation, perks, employment, and/or any other related promises or statements made by ArchKey to D. McKay in connection with the Transaction.

12. Any and all documents or communications relating to any benefits, compensation, perks, employment, and/or any other related promises or statements made by any MEG personnel to D. McKay in connection with the Transaction or ArchKey agents or personnel.

13. Any and all documents or communications related to the possible acquisition of MEG's assets or Cap Mona's MEG stock by third parties, including ArchKey.

14. Any and all documents or communications relating to any changes that ArchKey made to MEG's past practices, ordinary course procedures, accounting system, financial governance system, documentation practices, and/or procedures for creating, maintaining, and/or updating JPA Reports after Closing of the Transaction.

15. Any and all documents or communications, whether involving D. McKay or any other party, related to the possible acquisition of MEG's assets by third parties or the Transaction.

16. Any and all documents or communications relating to D. McKay's cessation of employment with MEG, including but not limited to agreements, documents, or communication related to MEG's or ArchKey's commitments to D. McKay as they pertain to the defense of the pending lawsuit naming him in the Federal District Court in Maryland.

17. Any and all documents or communications between, among, or involving D. McKay or MEG personnel and Joe Pierson, Director of Surety Operations for Gallagher Insurance Brokers.

18. Any and all documents or communications between, among, or involving Martin Schlaeppi of Dixon Hughes Goodman, MEG personnel, D. McKay, ArchKey personnel, prospective buyers of MEG, and/or Cap Mona.

19. Any and all documents or communications between, among, or involving Caleb Vuljanic of Dixon Hughes Goodman, MEG personnel, D. McKay, ArchKey personnel, prospective buyers of MEG, and/or Cap Mona.

20. Any and all documents or communications between, among, or involving Alan Freund, formerly of MEG, now of K2 Construction Consultants, Inc., MEG personnel, D. McKay, ArchKey personnel, prospective buyers of MEG, and/or Cap Mona.

21. Any and all documents or communications between, among, or involving Sunil Dalal, formerly Chief Estimator of MEG, now of Nationwide Electrical Services, MEG personnel, D. McKay, ArchKey personnel, prospective buyers of MEG, and/or Cap Mona.