# GREENSFELDER
## 125 YEARS

CLARK W. HEDGER
DIRECT DIAL: (314) 335-6840
DIRECT FAX: (314) 345-5466
E-MAIL: CH1@GREENSFELDER.COM

November 12, 2021

**Via Email** - dwhitley@shpa.com

Dennis Whitley
Shipley & Horne, P.A.
1101 Mercantile Lane, Ste. 240
Largo, MD 20774

**EXHIBIT I**

**Re**: *Vincent P. Mona v. David F. McKay*
*United States District Court for the District of Maryland*
*Case No.: 21-cv-01017-PJM*

Mr. Whitley:

My office has received a copy of a subpoena you issued to Mona Electric Group, Inc. ("MEG"), in the matter styled *Mona v. McKay*, Case No. 21-cv-01017, which is now pending in the United States District Court for the District of Maryland (the "McKay Litigation"). I write this letter to object to the subpoena pursuant to Federal Rule of Civil Procedure 45(d)(2)(B). Based on the objections set forth in this letter, MEG will not produce any documents or information in response to the subpoena. I detail MEG's objections, in turn, below.[1]

**Objection 1.** As you're aware, in addition to representing MEG, I represent ArchKey Intermediate Holdings, Inc. ("ArchKey") in the litigation it has brought against Vincent Mona in Delaware, styled *ArchKey Intermediate Holdings, Inc. v. Mona*, Case No. 2021-0383-JTL (Del. Ch.) (the "Delaware Litigation"). On October 12, 2021, the Court in the Delaware Litigation granted ArchKey's Motion to Stay Discovery Pending Resolution of [ArchKey's] Motion for Judgment on the Pleadings or, in the Alternative, Motion to Compel.

The subpoena to MEG – and more specifically, the breadth and scope of the documents and ESI sought – is a clear last-ditch attempt to circumvent the stay of discovery in the Delaware Litigation which is inappropriate and an independent basis for objection that relieves ArchKey of

---

[1] Notably, however, given the number of Requests included in the subpoena, the wording of those requests and their associated definitions, and their breadth, I have not attempted to detail every objectionable portion of the subpoena and its constituent requests, and MEG reserves the right to raise additional objections. Among other things, the Requests subject MEG to undue burden and are not reasonably calculated to lead to the discovery of admissible evidence pertaining to the Maryland Litigation. ArchKey also objects to Mona's unilateral instructions as exceeding any obligation of MEG under Federal Rule of Civil Procedure 45.

---

Chicago Office:
200 West Madison, Ste. 3300
Chicago, IL 60606
T: 312-419-9090 F: 312-419-1930

Clayton Office:
8000 Maryland Ave., Ste. 1250
Clayton, MO 63105
T: 314-345-5450 F: 314-241-8624

Southern Illinois Office:
12 Wolf Creek Dr., Ste. 100
Belleville, IL 62226
T: 618-257-7308 F: 618-257-7353

St. Louis Office:
10 South Broadway, Ste. 2000
St. Louis, MO 63102
T: 314-241-9090 F: 314-241-8624

Greensfelder, Hemker & Gale, P.C.   www.greensfelder.com





Dennis Whitley
November 12, 2021
Page 2

any obligation to respond to the subpoena. Mona should not be afforded the opportunity to side-step one Court's order due to Mona's decision to litigate claims that arise out of the same nucleus of operative facts in two separate tribunals - actions which raise questions as to whether Mona has engaged in impermissible claim splitting.

**Objection 2**. ArchKey, MEG's holding company, and Mona contractually agreed that disputes over the issues about which Mona seeks discovery in the Maryland Litigation would be resolved by an independent accountant arbitrator, on a defined subset of information, on a defined timeframe. Your client's efforts to circumvent the independent accountant arbitrator provision is a breach of the parties' Stock Purchase Agreement, and directly inconsistent with its terms and spirit. Moreover, if MEG complied with the Requests in the subpoena in full, it could incur attorneys' fees and e-discovery storage costs that could rival the amount in controversy in the Maryland litigation.

**Objection 3**. ArchKey specifically objects to every request in the subpoena that purports to require the production of documents or ESI that are protected from disclosure by the attorney-client privilege, the work product doctrine, the insurer-insured privilege, or the accountant-client privilege. Request No. 1, for example, seeks all documents and communications related to the transaction at issue, and thus necessarily includes large swaths of documents and communications that are protected from disclosure by one or more privileges. Thus, Request No. 1 necessarily violates Rule 45(d)(1)'s requirement that the party issuing the subpoena "take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Request No. 1 also violates the requirement that a request "describe with reasonable particularity each item or category" of documents to be produced. Fed. R. Civ. P. 34(b)(1)(A). To varying degrees, Request Nos. 2, 7, 10, 13-16, 18-21 violate Rules 45 and 34 in similar ways, and are improper for the same reasons.

**Objection 4**. The requests in the subpoena are substantially duplicative of each other, and together impose an undue burden that is disproportionate to the needs of the case, given the amount in controversy, the Delaware Litigation, and the terms of Mona's agreement with ArchKey in the parties' SPA.

Please feel free to contact me if you would like to discuss this letter.

Respectfully,

GREENSFELDER, HEMKER & GALE, P.C.

By *Clark W. Hedger*