AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| Vincent P. Mona ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 8:21-cv-01017-PJM |
| David F. McKay ) | |
| ) | |
| *Defendant* ) | |

**EXHIBIT 10**

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    DHG Corporate Finance, LLC
       Resident Agent: Paracorp Incorporated, 176 Mine Lake Ct., #100, Raleigh, NC 27615
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:
See attached Notice of 30(b)(6) Deposition and Exhibit A

| Place: SHIPLEY & HORNE, P.A., 1101 Mercantile Lane, Ste 240, Largo, MD 20774 | Date and Time: 12/06/2021 10:00 am |
|---|---|

The deposition will be recorded by this method:    remotely via Zoom

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/18/2021

           *CLERK OF COURT*
                                                        OR    /s/ D. Wh III
_____                           _____
   *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Vincent P. Mona, Plaintiff
_____, who issues or requests this subpoena, are:
Dennis Whitley, III, Esq., SHIPLEY & HORNE, P.A., 1101 Mercantile Lane, Ste 240, Largo, MD 20774

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 8:21-cv-01017-PJM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| VINCENT P. MONA | * |
| Plaintiff, | * |
| v. | * Civil Action No. 8:21-cv-01017-PJM |
|  | Judge Peter J. Messitte |
| DAVID F. MCKAY | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE TO TAKE 30(b)(6) DEPOSITION OF DHG CORPORATE FINANCE, LLC**

TO: DHG Corporate Finance, LLC
214 N. Tryon Street, Suite 2200
Charlotte, NC 28202

Via Registered agent:
Paracorp Incorporated
176 Mine Lake Court, #100
Raleigh, NC 27615

PLEASE TAKE NOTICE that on **Monday, December 6, 2021 at 10:00 a.m.** pursuant to Federal Rule of Civil Procedure 30(b)(6), the undersigned will take the deposition upon oral examination of **DHG Corporate Finance, LLC's** most knowledgeable representative regarding the subjects as set forth in *Exhibit A*. The deposition will be held remotely via Zoom before a Notary Public or some other officer authorized by law to administer oaths. Please be advised that pursuant to Rule 30(b)(6), DHG Corporate Finance, LLC is required to designate one or more officers, directors, managing agents or other persons to testify on the subjects as set forth in Attachment A hereto. Plaintiff reserves the right to supplement *Exhibit A* upon receipt of documents and information not yet produced by deponent. The Deponent's testimony will be recorded by stenotype machine, audio tape and videotape.

The deposition will continue from day to day until completed. All counsel of record are invited to attend and examine.

DATED: November 18, 2021        */s/ Dennis Whitley, III*
                                 Dennis Whitley, III
                                 SHIPLEY & HORNE, P.A.
                                 1101 Mercantile Lane, Ste 240
                                 Largo, MD  20774
                                 Tel: (301) 925-1800
                                 Email: dwhitley@shpa.com

/s/ Adam S. Taylor, Esq.
Adam S. Taylor, Esq.
*Admitted pro hac vice*
MD PHV Bar ID: 815772
Taylor, McCormack & Frame, LLC
30 Milk Street, 5th Floor
Portland, ME 04101
Tel. (207) 828-2005
Email: ataylor@tmfattorneys.com

/s/ Timothy R. Dudderar, Esq.
Timothy R. Dudderar, Esq.
*Admitted pro hac vice*
Potter, Anderson & Corroon, LLP
1313 North Market Street
Wilmington, DE 19801
Tel. (302) 984-6000
Email: tdudderar@potteranderson.com

/s/ Aaron R. Sims, Esq.
Aaron R. Sims, Esq.
*Admitted pro hac vice*
Potter, Anderson & Corroon, LLP
1313 North Market Street
Wilmington, DE 19801
Tel. (302) 984-6000
Email: asims@potteranderson.com
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing ***Notice to Take 30(b)(6) Deposition of DHG Corporate Finance, LLC*** was served via email and First Class Mail on this 18th day of November, 2021 to:

Paul J. Maloney, 02026
John Peter Glaws, IV
Carr Maloney P.C.
2000 Pennsylvania Avenue, NW, Suite 8001
Washington, D.C. 20006
*Counsel for Defendant*

/s/ Dennis Whitley, III
Dennis Whitley, III

2

# EXHIBIT A TO THE DEPOSITION NOTICE OF
# DHG CORPORATE FINANCE, LLC

## I. Definitions

1. The term "Cap Mona" as used herein refers to Vincent P. Mona.

2. The term "D. McKay" as used herein refers to David F. McKay.

3. The term "P. Kriegshauser" as used herein refers to Patrick Kriegshauser.

4. The term "ArchKey" as used herein refers to ArchKey Intermediate Holdings, Inc.

5. The term "MEG" as used herein refers to Mona Electric Group, Inc.

6. The term "Hospital Project" refers to the construction project involving the creation of the University of Maryland Capital Region Medical Center, on which MEG has served as a subcontractor. For avoidance of doubt, the Hospital Project sought to replace the 75-year-old Prince George's Hospital Center and resulted in the construction of a 620,000-square-foot hospital to provide healthcare for residents of Prince George's County and the surrounding communities.

7. The terms "you," and "your" as used herein refers to DHG Corporate Finance, LLC and any of its employees, agents, representative, attorneys, assigns, contractors and every other person who, because acting as your representative, can be required by you to furnish information, including any person acting on your behalf in this case.

8. The term "C. Vuljanic" as used herein refers to Caleb Vuljanic, affiliated with DHG Corporate Finance, LLC.

9. The term "M. Schlaeppi" as used herein refers to Martin Schlaeppi, affiliated with DHG Corporate Finance, LLC.

10. The term "MEG Contract" as used herein refers to the construction contract and all ancillary contract documents governing or pertaining to MEG's performance and compensation as a subcontractor on the Hospital Project.

11.     The term "Transaction" as used herein refers to the acquisition of MEG stock from Cap Mona by ArchKey on or about February 1, 2020.

## II.     Areas of Testimony

1.      Any documents or communications produced in connection with the document subpoena served on DHG on October 29, 2021.

2.      ArchKey's due diligence of MEG in connection with the Transaction, including all communications between or among DHG Corporate Finance, LLC personnel, ArchKey personnel, and/or D. McKay.

3.      The suspension, resumption, conduct, and/or completion of DHG Corporate Finance, LLC's audit of MEG in or around February through May 2020.

4.      Any write-downs of MEG contract values, any changes to MEG's estimated closing balance sheet and/or estimated closing work-in-process schedule, and/or any changes to MEG's past practices or financial or accounting controls or procedures, after the closing of the Transaction.

5.      Any post-Transaction audit requests and/or balance sheet adjustments involving MEG, including without limitation, audit requests or balance sheet adjustments from or by ArchKey.

6.      The adjusted closing balance sheet and/or adjusted closing work-in-process schedule sent by ArchKey to Cap Mona on December 9, 2020, including without limitation any and all documents and communications relating to the preparation of the adjusted closing balance sheet and/or adjusted closing work-in-process schedule. This topic includes any instructions to DHG Corporate Finance personnel by ArchKey and/or D. McKay related to adjusting, modifying and/or writing down MEG projections or financial reporting after closing the Transaction.

7.      MEG's performance, compensation, status, financial position, progress, claims, change orders, disputes, estimates, settlement of claims on, and/or the closing out of the Hospital Project and/or MEG Contract.

8. The notice of representations and warranties insurance claim filed by ArchKey on March 12, 2020 in the amount of approximately $5.7 million for the purported loss under the Hospital Project and/or MEG Contract.

9. The termination of Alan Freund's employment with MEG.

10. Communications with P. Kriegshauser, MEG personnel, or ArchKey personnel relating to (i) write-downs and/or adjustments to MEG's contracts, (ii) MEG's past practices, ordinary course procedures, accounting system, financial governance or oversight system, documentation practices, and/or procedures for creating, maintaining, and/or updating JPA Reports after Closing, including but not limited to any changes that ArchKey made thereto post-Closing, (iii) what P. Kriegshauser referred to as "Cap's account," (iv) entries on the Company's books and/or ledger, and/or (v) compliance with GAAP.

11. Any and all communications between D. McKay and any other party, including DHG Corporate Finance, LLC personnel, related to the possible acquisition of MEG's assets or stock by third parties or the Transaction.

12. Any and all communications relating to D. McKay, Cap Mona or the SPA (after the closing of the Transaction).

13. Any and all communications between C. Vuljanic or other DHG Corporate Finance, LLC personnel and Cap Mona and/or D. McKay regarding the Transaction or the audit, whether prior to or after the closing of the Transaction.

14. Any and all communications between M. Schlaeppi, Managing Director or other DHG Corporate Finance, LLC personnel and Cap Mona and/or D. McKay regarding the Transaction or the audit, whether prior to or after the closing of the Transaction.

15.     Any and all communications between Schuyler Vaughn, Senior Analyst or other DHG Corporate Finance, LLC personnel and Cap Mona and/or D. McKay regarding the Transaction or the audit, whether prior to or after the closing of the Transaction.

16.     Any and all communications prior to the Transaction between, among, or involving M. Schlaeppi (of DHG Corporate Finance), Schuyler Vaughn, or other DHG Corporate Finance, LLC personnel and Cap Mona and/or D. McKay regarding the sales effort to find a buyer of MEG's assets or Cap Mona's stock.

17.     Any and all communications related to the analysis of DHG Corporate Finance, LLC personnel, including M. Schlaeppi and Schuyler Vaughn, pertaining to offers made for the purchase of MEG, including the offer made by ArchKey, the value of MEG, competing offers, and any analysis after the Transaction related to the payment to Cap Mona or adjustments to the purchase price paid by ArchKey at closing.

18.     Any and all communications between C. Vuljanic, M. Schlaeppi, Schuyler Vaughn, or other DHG Corporate Finance, LLC personnel and Don Rogers, Esq. (of Shulman Rogers) regarding the Transaction, the annual audit of MEG, offers made for the purchase of MEG, including the offer made by ArchKey, the value of MEG, competing offers, and any post-closing adjustment to the purchase price paid to Cap Mona at the closing of the Transaction.

19.     Any and all communications between DHG Corporate Finance, LLC personnel and Sunil Dalal, former MEG Chief Estimator.

20.     The engagement by Cap Mona of DHG Corporate Finance, LLC to provide services. The nature and scope of all such engagements, including tax support services and business consulting services.

21.     Any and all communications between DHG Corporate Finance, LLC personnel, D. McKay and MEG regarding Project Spark.