UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

MEMORANDUM

To:       Counsel of Record; Third Party Counsel Opposing the Motion to Compel

From:     Judge Peter J. Messitte

Re:       Mona v. McKay
          Civil No. PJM 21-1017

Date:     February 23, 2022

********

This memo is intended to clarify where this case is with respect to discovery.

1. As the Court has made clear previously, the outcome in this case does not depend on the Delaware litigation, so this case may proceed.

2. While the Court understands there might have been confusion as to its language in the October 15, 2021 Order, ECF No. 36, that Plaintiff was "to not submit any further discovery requests," it really did not appreciate the extent to which third party discovery might be implicated. The Court wishes to be clear that third party discovery does remain open at this time.

3. Accordingly, Plaintiff shall, within 15 days, **FILE** a revised request for documents, setting forth as narrowly as possible the documents it seeks from third parties.[1] The third parties shall have 15 days thereafter to file an opposition to the revised requests for production. Plaintiff shall have 10 days to reply. The Court will brook no delays in the compliance of the parties and third parties with these directives.

4. Third parties are specifically directed to **NOTE** their obligations with respect to how to comply with assertions of privilege, including the extent to which *in camera* review by the court of purportedly privileged documents may be appropriate.

5. The Court understands that third party counsel have expressed some concern about not having been involved in its telephone status conference with counsel for the parties in this case on January 5, 2022. The status conference was just that. It was not a hearing on the

---

[1] The Court takes note of the email from Aaron Sims to Jennifer Therrien on January 26, 2022, see ECF No. 69-2, seeking eight categories of revised disclosures. The Court believes that these requests on their face seem reasonable. Plaintiff may wish to simply incorporate them as part of the formally revised requests. This does not necessarily preclude the third parties from objecting to one or more of the requests, only that the Court, without good reason shown by third parties, is likely to sustain them.

Plaintiff's Motion to Compel. The Court merely wished to learn from <u>counsel for the parties</u> what aspects of the case needed to be addressed. As third parties, which is to say, non-parties to the litigation, the Court was not obliged to include them on a conference call with counsel as to the status of the case. The Court may or may not schedule argument on the Motion to Compel, at which time counsel for third parties may be heard. However, the Court may choose to decide the motion on the papers, which of course will include the pleadings by third parties. Any rumblings by counsel suggesting unethical conduct on the part of the Court or opposing counsel have no place in this case.

6. With respect to the status report submitted by Plaintiff, ECF No. 69, the third parties may **RESPOND** within 5 business days if they wish to do so. Because it appears that third parties' counsel are not barred in this Court, counsel should submit any response via mail to the Clerk's office.

7. Finally, with respect to Defendant's Motion for Summary Judgment, ECF No. 64, the motion is **DENIED** without prejudice, for possible refiling once discovery is complete.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

/s/
Peter J. Messitte
United States District Judge

CC:   Court File