_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

APR 1 2 2022

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VINCENT P. MONA,

    Plaintiff,

v.

DAVID F. McKAY

    Defendant.

Civil Action No. 8:21-cv-01017-PJM

---

**SUPPLEMENTAL REPORT OF DIXON HUGHES GOODMAN LLP AND DHG CORPORATE FINANCE IN RESPONSE TO COURT'S ORDER OF FEB. 23, 2022 AND PLAINTIFF'S PURPORTED "REPLY IN FURTHER SUPPORT . . . ."**

On April 1, 2022, Plaintiff filed an unsolicited "Reply in Further Support of His Revised Request for Documents from Third Parties." (ECF 82) Much of that Reply concerned Plaintiff's request for documents from Mona Electric Group, about which Dixon Hughes Goodman LLP has no knowledge, and takes no position. However, in spite of the communications attached to Dixon Hughes Goodman's and DHG-CF's previous Report to the Court, there was no further response from Plaintiff's counsel, no effort to engage with counsel for Dixon Hughes Goodman LLP or DHG-CF concerning search terms, or otherwise. Instead, in the latest tendentious Reply to the Court, Plaintiff's counsel complains of "obstruction," and requests that the Court:

(1)     Direct DHG and DHG-CF to produce all documents responsive to the revised request that are returned by agreed-on protocols (that do not currently exist and that Plaintiff has not discussed with Dixon Hughes Goodman or DHG-CF) by no later than April 29, 2022;

(2)     Tax costs and fees against DHG and DHG-CF.

Plaintiff also complains that Dixon Hughes Goodman and DHG-CF did not specifically itemize every privileged document in response to its non-specific, overbroad, and poorly defined "Revised Requests." On this, Plaintiff's counsel is more-or-less correct. The accountant-client privilege, if it applies, applies to all of the documents requested. Furthermore, to the extent the request goes beyond the audit or engagement files, there is no definition of the search that is to be performed, so the search that has not been performed has not yielded any results, and the results that do not exist for the search that has not been performed cannot be categorized as to privilege, or not.

Apparently, Plaintiff's counsel has engaged with counsel for ArchKey and there has been an attempt to define search terms. However, the terms submitted to the undersigned include terms that are vastly overbroad, such as "balance sheet," which will result in "hits" for every engagement for every client served during the relevant time period, an obvious absurdity. See April 6 emails, Exhibit 1, and follow up email April 11, Exhibit 2.

Counsel for DHG and DHG-CF remains willing, as they have since November 2021, to engage in discussion to define reasonable search terms. Although counsel has personal travel obligations from April 14-21, that discussion can reasonably be expected to be concluded (or not) by the end of April 2022, if counsel for the Plaintiff will engage in that discussion.

The request by Plaintiff's counsel for a taxation of fees and costs against Dixon Hughes Goodman LLP and DHG-CF is entirely inappropriate and ignores the provisions of Rule 45. Any Order issued by this Court should, for the reasons previously outlined, protect Dixon Hughes Goodman LLP and DHG-CF against the "significant expense" which has already been incurred, and continues to mount, purely as a result of Plaintiff's

failure to follow local rules, the Rules of Civil Procedure, and to engage (perhaps until just recently) in any attempt to define reasonable searches of emails.

DHG and DHG-CF have no issue with the Court issuing an Order providing that counsel shall continue to discuss search terms, ArchKey and Plaintiff continue to discuss the issues relating to privilege (about which Dixon Hughes Goodman does not, and has never had, any opinion). If such issues are not resolved by the end of April, the matter can be submitted to the Court for further decision. If they are, Dixon Hughes Goodman expects that it will probably need at least 2-3 weeks to run the requested searches, and then screen them for unresponsive communications that involved clients other than Mona Electric Group and ArchKey.

Finally, Dixon Hughes Goodman requests that any Order issued by the Court provide that Plaintiff will pay all costs and fees, including attorneys fees, incurred to date, and to be incurred, in responding to the discovery requested, which may have the salutary effect of focusing Plaintiff and Plaintiff's counsel on requesting that which it really needs for purposes of its litigation, rather than hurling broadsides for "all documents" "relating to.".

This the 11 day of April, 2022.

/s/ Frederick K. Sharpless
Frederick K. Sharpless
fsharpless@sharplesslaw.com
N.C. State Bar No. 12551
*Attorney for Dixon Hughes Goodman LLP and DHG Corporate Finance, LLC*

OF COUNSEL:

Sharpless McClearn Lester Duffy, PA
200 South Elm Street, Suite 400
Greensboro, North Carolina 27401
Telephone: (336) 333-6384

## CERTIFICATE OF SERVICE

I hereby certify that the **SUPPLEMENTAL REPORT OF DIXON HUGHES GOODMAN LLP AND DHG CORPORATE FINANCE IN RESPONSE TO COURT'S ORDER OF FEB. 23, 2022 AND PLAINTIFF'S PURPORTED "REPLY IN FURTHER SUPPORT . . . ."** was served upon the parties to this action by mailing a copy thereof by first-class, postage pre-paid mail to the following counsel of record:

Mr. Dennis Whitley, III
Shipley & Horne, PA
1101 Mercantile Lane, Suite 240
Largo, MD 20774
dwhitley@shpa.com

Mr. Timothy R. Dudderar
Potter Anderson & Corroon, LLP
1313 North Market Street
Wilmington, DE 19801
tdudderar@potteranderson.com

Mr. Paul J. Maloney
Carr Maloney, PC
2020 K Street, NW
Suite 850
Washington, D.C. 20006
paul.maloney@carrmaloney.com

Mr. Adam S. Taylor
Taylor McCormack & Frame, LLC
30 Milk Street, 5th Floor
Portland, ME 04101
ataylor@tmfattorneys.com

Mr. Aaron R. Sims
Potter Anderson & Corroon, LLP
1313 North Market Street
Wilmington, DE 19801
asims@potteranderson.com

Mr. Clark W. Hedger
Greensfelder Hemker & Gale, PC
10 South Broadway Street
Suite 2000
St. Louis, MO 63102
ch1@greensfelder.com

This the _11_ day of April, 2022.

Frederick K. Sharpless
fsharpless@sharplesslaw.com
N.C. State Bar No. 12551
*Attorney for Dixon Hughes Goodman LLP and DHG Corporate Finance, LLC*

OF COUNSEL:

Sharpless McClearn Lester Duffy, PA
200 South Elm Street, Suite 400
Greensboro, North Carolina 27401
Telephone: (336) 333-6384