IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **VINCENT P. MONA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. PJM-21-1017 |
| ) | |
| **DAVID F. MCKAY**, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION *IN LIMINE*
TO TREAT McKAY, KRIEGSHAUSER, AND SCHARFF AS
ADVERSE AND/OR HOSTILE WITNESSES**

Plaintiff Vincent "Cap" Mona ("**Mona**"), through his undersigned counsel and pursuant to Federal Rule of Evidence 611, hereby moves *in limine* for permission to use leading questions on direct examination with three witnesses:

1. Defendant David McKay ("**McKay**");

2. Patrick Kriegshauser ("**Kriegshauser**"), Executive Vice President and CFO of ArchKey Intermediate Holdings, Inc. ("**ArchKey**");

3. Clay Scharff ("**Scharff**"), President and CEO of ArchKey.

As explained in detail below, McKay, Kriegshauser, and Scharff are both hostile and adverse within the scope of Rule 611(c)(2). Accordingly, Mona should be permitted to examine all three of these witnesses using leading questions during direct examination.

**STANDARD OF REVIEW**

"A motion in limine is a request for guidance by the court regarding an evidentiary question." *Hunt Valley Baptist Church, Inc. v. Baltimore Cnty.*, ELH-17-804, 2018 WL 2717834, at *7 (D. Md. June 6, 2018) (quoting *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984)). These motions help to streamline a case by allowing a court to avoid

"lengthy argument at, or interruption of, the trial." *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987); *see also Changzhou Kaidi*, 102 F. Supp. 3d at 745 ("[Motions in limine] are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013)). Motions in limine further promote judicial efficiency by preserving the issues raised for appeal and eliminating the need for parties to renew their objections at trial, "just so long as the movant has clearly identified the ruling sought and the trial court has ruled upon it." *United States v. Williams*, 81 F.3d 1321, 1325 (4th Cir. 1996). Ultimately, rulings on these motions fall within the trial court's "broad discretion." *Kauffman v. Park Place Hospitality Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012); *see also United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010) (noting that evidentiary rulings fall within a trial court's discretion).

## ARGUMENT

### I. Rule 611(c)(2) Expressly Contemplates the Use of Leading Questions with Hostile Witnesses, Adverse Parties, and Witnesses Identified with Adverse Parties.

Rule 611 of the Federal Rules of Evidence sets forth the general parameters for the use of leading questions with a witness:

> Leading questions should not be used on direct examination except as necessary to develop the witness's testimony. Ordinarily, the court should allow leading questions:
> (1) On cross-examination; and
> (2) ***When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party***.

Fed. R. Evid. 611(c) (emphasis added).[1] A non-party witness will be deemed hostile where the non-party witness and the adverse party were "closely involved in the subject matter of the case"

---

[1] Notably, Before the enactment of Rule 611(c), leading questions were permitted on direct examination only in two circumstances: (1) a showing of actual hostility or (2) a determination that the witness was an adverse party, or an officer, director, or managing agent of the adverse party. *Ellis v. City of Chicago*, 667 F.2d 606, 612 (7th Cir. 1981). "The drafters of Rule 611(c), however, found these limitations represented 'an unduly narrow concept of those who may safely be regarded as hostile without further demonstration.'"

and have "an interest in the promoting of [their] version of the events." *SEC v. Clark*, 2023 WL 7115554, at *2 (E.D. Va. Oct. 27, 2023); *Doe By Watson v. Russell Cnty. Sch. Bd.*, 2018 WL 1089277, at *2 (W.D. Va. Feb. 28, 2018). Relatedly, a witness is "identified with an adverse party" if the witness's interests are "closely aligned with those of the adverse party." *Bixby v. KBR, Inc.,* 2012 WL 4754942, at *3 (D. Or. Oct. 4, 2012) (citing *United States v. Hicks*, 748 F.2d 854, 859 (4th Cir. 1984)).

The Court has wide discretion to allow the use of leading questions on direct examination based on a witness's current or prior identification with the adverse party. *Winant v. Bostic*, 5 F.3d 767, 773 (4th Cir. 1993) (affirming district court's decision to permit leading questions on direct examination as one within the district court's discretion); *Hicks*, 748 F.2d at 859 (affirming use of leading questions on direct examination to question criminal defendant's girlfriend). The Court may find a witness "hostile" if the examining party can show that the witness "is biased against the direct examiner, his/her client, or both." *Vanemmerik v. Ground Round*, 1998 WL 474106, *2 (E.D. Pa. 1998). And even if a witness is not openly hostile or uncooperative, the Court has wide discretion to allow the use of leading questions on direct examination based on a witness's current or prior identification with the adverse party. *See Matos v. Ashford Presbyterian Cmty Hosp.*, 4 F3d. 47, 50 (1st Cir. 1993) (noting distinction); *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1478 (11th Cir. 1984) ("Since Nurse Williamson, an employee of one of the defendants present when the alleged malpractice may have occurred, certainly was identified with a party adverse to Haney, the district court misread Rule 611(c) when it refused to allow Haney to lead him until actual hostility was established.").

---

*Id*. (quoting Adv. Cmte. Notes to Rule 611(c)). Rule 611(c)(2)'s approval of the use of leading questions with witnesses "identified with an adverse party" sought to enlarge the categories of adverse witnesses without further even a showing of actual hostility. *Id*. (citing Adv. Cmte. Notes to Rule 611(c)).

3

## II. As to Mona, McKay, Kriegshauser, and Scharff Are Adverse, Hostile, or Both.

### A. McKay.

As the Defendant in this action, McKay is by definition "adverse" to Mona. It is entirely appropriate under Rule 611(c)(2) to permit Mona to question McKay using leading questions on direct examination.

### B. Kriegshauser.

Kriegshauser is currently ArchKey's Executive Vice President and, during the time relevant to this case, served as Executive Vice President and CFO of ArchKey. As this Court is aware, Mona and ArchKey are currently directly adverse to each other in litigation pending before the Delaware Court of Chancery. While that lawsuit centers directly on the transaction between ArchKey and Mona Electric Group, Inc., the focal point of the instant case is McKay's conduct towards Mona with respect to that transaction. As this Court also is aware, ArchKey and McKay entered into a "Common Interest Agreement" to defeat Mona's claims to this suit and the Delaware action. What is more, ArchKey is paying McKay's legal fees in this lawsuit, and there are numerous emails among ArchKey, McKay, and their respective counsel indicating ArchKey's expectation that McKay will cooperate with ArchKey in both lawsuits. There can be absolutely no doubt that ArchKey and its principals are backing McKay in this action and are hostile to Mona. Thus, whether Kriegshauser is seen as an agent of an adverse party, as a witness identified with an adverse party, or as a hostile witness, Mona should be permitted to examine Kriegshauser using leading questions on direct examination.

### C. Scharff.

Scharff is currently ArchKey's Executive Chairman and, during the time relevant to this case, served as ArchKey's President and CEO. Thus, for purposes of Rule 611(c)(2), Scharff is

4

situated in the same position as Kriegshauser, and Mona should be permitted to examine Scharff using leading questions.

Unlike Kriegshauser, Scharff will not be testifying in person at trial. Instead, Mona conducted Scharff's *de bene esse* deposition on November 21 in St. Louis, Missouri. During the *de bene esse* deposition, Mona questioned Scharff using leading questions on direct examination, and explained in detail on the record (for reasons consistent with those set forth herein) why such treatment of Scharff was appropriate. Mona should be permitted to present this video testimony at trial.

## CONCLUSION

For the foregoing reasons, Plaintiff Vincent Mona respectfully requests that:

1. This Motion be GRANTED;

2. Mona be PERMITTED to examine McKay and Kriegshauser using leading questions on direct examination at trial;

3. Mona be PERMITTED to present video testimony from Scharff's *de bene esse* deposition at trial, including leading questions used on direct examination;

4. This Court GRANT Mona such other and further relief as is appropriate in the circumstances.

A proposed order follows.

Respectfully submitted,

*/s/ Adam S. Taylor*
Adam S. Taylor (admitted *pro hac vice*)
Taylor, McCormack & Frame, LLC
267 Commercial Street
Portland, ME 04101
(207) 828-2005
ataylor@tmfattorneys.com

*/s/ Aaron R. Sims*
Aaron R. Sims (admitted *pro hac vice*)
Timothy R. Dudderar (admitted *pro hac vice*)
Potter, Anderson & Corroon, LLP
1313 North Market Street

        Wilmington, DE 19801
        (302) 984-6000
        asims@potteranderson.com
        tdudderar@potteranderson.com

        */s/  Michael B. Brown*
        Joshua J. Gayfield (Fed. Bar No. 29189)
        Michael B. Brown (Fed. Bar No. 19641)
        MILES & STOCKBRIDGE P.C.
        100 Light Street
        Baltimore, MD 21202
        410.727.6464
        jgayfield@milesstockbridge.com
        mbbrown@milesstockbridge.com

        *Counsel for Plaintiff Vincent "Cap" Mona*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 22, 2023, a copy of the foregoing was served on all counsel of record via this Court's CM/ECF electronic filing system.

        */s/ Michael B. Brown*
        Michael B. Brown