**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| VINCENT P. MONA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. PJM-21-1017 |
| | ) | |
| DAVID F. MCKAY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>DEFENDANT'S PROPOSED VERDICT FORM</u>

Defendant David F. McKay, by counsel, respectfully submits this Proposed Verdict Form in advance of the December 4, 2023 trial scheduled in this matter.

Respectfully submitted,

DAVID F. MCKAY

By Counsel,

*/s/ J. Peter Glaws, IV*
Paul J. Maloney, 02026
J. Peter Glaws, IV, 19258
CARR MALONEY P.C.
2000 Pennsylvania Avenue, NW, Suite 8001
Washington, D.C. 20006
(202) 310-5500 (Tel.)
(202) 310-5555 (Fax)
paul.maloney@carrmaloney.com
peter.glaws@carrmaloney.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing ***Defendant David F. McKay's Proposed Verdict Form*** was filed and served on this 27th day of November, 2023 via the court's electronic filing system to:

Adam S. Taylor (admitted *pro hac vice*)
Taylor, McCormack & Frame, LLC
267 Commercial Street
Portland, ME 04101
(207) 828-2005
ataylor@tmfattorneys.com

Aaron R. Sims (admitted *pro hac vice*)
Timothy R. Dudderar (admitted *pro hac vice*)
Potter, Anderson & Corroon, LLP
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
asims@potteranderson.com
tdudderar@potteranderson.com

Joshua J. Gayfield (Fed. Bar No. 29189)
Michael B. Brown (Fed. Bar No. 19641)
MILES & STOCKBRIDGE P.C.
100 Light Street
Baltimore, MD 21202
(410) 727-6464
jgayfield@milesstockbridge.com
mbbrown@milesstockbridge.com

*Counsel for Plaintiff*

/s/ J. Peter Glaws, IV
J. Peter Glaws, IV

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| VINCENT P. MONA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. PJM-21-1017 |
| | ) | |
| DAVID F. MCKAY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S [PROPOSED] VERDICT FORM

**BREACH OF CONTRACT**:

1. Do you find, by a preponderance of the evidence, that the February 1, 2020 Transaction Bonus constitutes a contract between Vincent Mona and David McKay?

   _____ Yes          _____ No

*IF YOU ANSWERED "NO" TO QUESTION 1, SKIP TO QUESTION 6.*

2. Do you find, by a preponderance of the evidence, that the February 1, 2020 Transaction Bonus required David McKay to take any action on behalf of Vincent Mona after the closing of the sale of Mona Electric Group, Inc. to ArchKey Intermediate Holdings, Inc.?

   _____ Yes          _____ No

*IF YOU ANSWERED "NO" TO QUESTION 2, SKIP TO QUESTION 6.*

3. If you answered YES to Questions 1 and 2, do you find, by a preponderance of the evidence, that David McKay breached an obligation under the February 1, 2020 Transaction Bonus?

   _____ Yes          _____ No

*IF YOU ANSWERED "NO" TO QUESTION 3, SKIP TO QUESTION 6.*

4. If you answered YES to Questions 1, 2, and 3, do you find, by a preponderance of the evidence, that any breach of the Transaction Bonus proximately caused damage to Vincent Mona?

   _____ Yes          _____ No

1

*IF YOU ANSWERED "NO" TO QUESTION 4, SKIP TO QUESTION 6.*

5.  If the Answer to Question 4 is YES, in what amount do you find for Vincent Mona?

$ _____

**UNJUST ENRICHMENT** (to be determined by the Court or Jury as will be decided at trial):

6.  Do you find, by a preponderance of the evidence, that David McKay inequitably retained a benefit he is not entitled to under the February 1, 2020 Transaction Bonus?

_____ Yes                _____ No

*IF YOU ANSWERED "NO" TO QUESTION 6, SKIP TO QUESTION 8.*

7.  If the answer to Question No. 6 is YES, in what amount do you find for Vincent Mona?

$ _____

**INTENTIONAL MISREPRESENTATION:**

8.  Do you find, by clear and convincing evidence, that prior to the sale of Mona Electric Group, Inc. to ArchKey Intermediate Holdings, Inc. on February 1, 2020, David McKay made a materially false representation or omission to Vincent Mona?

_____ Yes                _____ No

*IF YOU ANSWERED "NO" TO QUESTION 8, SKIP TO QUESTION 16.*

9.  If the answer to Question 8 is YES, do you find, by clear and convincing evidence, that David McKay knew that the representation or omission was false at the time it was made or, by clear and convincing evidence, that David McKay made the representation or omission with reckless indifference to the truth?

_____ Yes                _____ No

*IF YOU ANSWERED "NO" TO QUESTION 9, SKIP TO QUESTION 16.*

10. If the answer to Questions 8 and 9 is YES, do you find, by clear and convincing evidence, that David McKay made the misrepresentation or omission for the purpose of defrauding Vincent Mona?

_____ Yes                _____ No

*IF YOU ANSWERED "NO" TO QUESTION 10, SKIP TO QUESTION 16.*

11. If the answer to Questions 8, 9, and 10 is YES, do you find, by clear and convincing evidence, that Vincent Mona relied on the misrepresentation or omission to his detriment?

_____ Yes                          _____ No

*IF YOU ANSWERED "NO" TO QUESTION 11, SKIP TO QUESTION 16.*

12. If the answer to Questions 8, 9, 10, and 11 is YES, do you find, by clear and convincing evidence that Vincent Mona would not have entered into the sale agreement with ArchKey but for the misrepresentation or omission?

_____ Yes                          _____ No

*IF YOU ANSWERED "NO" TO QUESTION 12, SKIP TO QUESTION 16.*

13. If the answer to Questions 8, 9, 10, 11, and 12 is YES, do you find, by a preponderance of the evidence, that Vincent Mona failed to act as a reasonably prudent Director and Chairman of the Boad of Mona Electric Group, Inc. with regard to the sale of Mona Electric Group to ArchKey Intermediate Holdings?

_____ Yes                          _____ No

*IF YOU ANSWERED "YES" TO QUESTION 13, SKIP TO QUESTION 16.*

14. If the answer to Questions 8, 9, 10, 11, and 12 is YES and if the answer to Question 13 is NO, do you find, by clear and convincing evidence, that the misrepresentation or omission proximately caused damage to Vincent Mona?

_____ Yes                          _____ No

*IF YOU ANSWERED "NO" TO QUESTION 14, SKIP TO QUESTION 16.*

15. If the answer to Question 14 is YES, in what amount do you find for Vincent Mona?

$ _____

**BREACH OF FIDUCIARY DUTY – PRE-SALE:**

16. Do you find, by clear and convincing evidence, that prior to the sale of Mona Electric Group, Inc. to ArchKey Intermediate Holdings, Inc., that David McKay <u>failed</u> to act in good faith, in a manner he reasonably believed to be in the best interest of Vincent Mona and Mona Electric Group, Inc., and with care that an ordinarily prudent person in a like position would use under similar circumstances?

_____ Yes                    _____ No

*IF YOU ANSWERED "NO" TO QUESTION 16, SKIP TO QUESTION 23.*

17. If the answer to Question 16 is YES, do you find, by clear and convincing evidence, that David McKay's conduct was the result of fraud, dishonesty or incompetence?

_____ Yes                    _____ No

*IF YOU ANSWERED "NO" TO QUESTION 17, SKIP TO QUESTION 23.*

18. If the answer to Question 17 is YES, do you find, by clear and convincing evidence, that David McKay's failure to act in good faith is a result of a knowingly fraudulent or dishonest misrepresentation or omission, the falsity of which was known to David McKay at the time of the misrepresentation or omission?

_____ Yes                    _____ No

*IF YOU ANSWERED "NO" TO QUESTION 18, PROCEED TO QUESTION 19.*

19. If the answer to Question 17 is YES, do you find, by clear and convincing evidence, that David McKay's failure to act in good faith is a result of incompetent, grossly negligent conduct, as determined at the time of the grossly negligent act(s) or omission(s)?

_____ Yes                    _____ No

*IF YOU ANSWERED "NO" TO QUESTIONS 18 and 19, SKIP TO QUESTION 23.*

20. If the answer to Questions 16, 17, and (18 or 19) is YES, do you find, by a preponderance of the evidence, that Vincent Mona failed to act as a reasonably prudent Director and Chairman of the Boad of Mona Electric Group, Inc. with regard to the sale of Mona Electric Group to ArchKey Intermediate Holdings?

_____ Yes                    _____ No

*IF YOU ANSWERED "YES" TO QUESTION 20, SKIP TO QUESTION 23.*

21. If the answer to Questions 16, 17 and (18 or 19) is YES, and the answer to Question 20 is NO, do you find, by clear and convincing evidence, that David McKay's breach of fiduciary duty proximately caused damage to Vincent Mona?

_____ Yes                    _____ No

*IF YOU ANSWERED "NO" TO QUESTION 21, SKIP TO QUESTION 23.*

*22.* If the answer to Question 21 is YES, in what amount do you find for Vincent Mona?

$ _____

**BREACH OF FIDUCIARY DUTY – POST-SALE:**

23. Do you find, by clear and convincing evidence, that after the sale of Mona Electric Group, Inc. to ArchKey Intermediate Holdings, Inc., that David McKay failed to act in good faith, with care that an ordinarily prudent person in a like position would use under similar circumstances?

_____ Yes            _____ No

*IF YOU ANSWERED "NO" TO QUESTION 23, STOP*

24. If the answer to Question 23 is YES, do you find, by clear and convincing evidence, that after the sale of Mona Electric Group, Inc. to ArchKey Intermediate Holdings, Inc., that David McKay knowingly misused confidential information belonging to Vincent Mona?

_____ Yes            _____ No

*IF YOU ANSWERED "NO" TO QUESTION 24, STOP.*

25. If the answer to Questions 23 and 24 is YES, do you find, by clear and convincing evidence, that David McKay's breach of fiduciary duty proximately caused damage to Vincent Mona?

_____ Yes            _____ No

*IF YOU ANSWERED "NO" TO QUESTION 25, STOP.*

*26.* If the answer to Question 25 is YES, in what amount do you find for Vincent Mona?

$ _____

SO SAY WE ALL, this _____ day of December, 2023

_____
Foreperson

5